# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:06CV332-MU-1

| | |
|---|---|
| MARCO ANTONIO CRUZ, | ) |
| Plaintiff, | ) |
| Vs. | ) **ORDER** |
| JOHN DOE, <u>et al.</u>, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983,[1] filed August 3, 2006.

Plaintiff has filed a Complaint against John Doe, Nurse Preston, and Sheriff Pendergraph alleging that he has violated his constitutional rights by denying him proper medical care.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. On August 10, 2006, the Court sent Plaintiff an Order requiring him to "file a sworn statement, subject to the penalty of perjury, showing exhaustion of remedies or a copy of the grievance itself. In the event no grievance procedure exists, the plaintiff is ordered to file a sworn statement, subject to penalty of perjury, stating that fact." The Court informed Plaintiff that he must answer within twenty days and that

---

[1] Plaintiff asserts that his action is pursuant to <u>Bivens v. Six Unknown Federal Narcotic Agents</u>, 403 U.S. 388 (1971). Because Plaintiff is suing state actors this Court will construe his Complaint as one pursuant to 42 U.S.C. § 1983.

"[f]ailure to comply with this Order will result in dismissal of this action." To date, Plaintiff has not filed copies of any grievances or filed any sworn statement regarding the exhaustion of his administrative remedies. Consequently, the Court finds that Plaintiff has failed to establish that he has exhausted his administrative remedies.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is DISMISSED without prejudice for failing to exhaust his administrative remedies.

Signed: September 12, 2006

Graham C. Mullen
United States District Judge